IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv249

| | |
|---|---|
| ASHEVILLE POSTAL CREDIT UNION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TERRA FIRMA INFORMATION ) <br> TECHNOLOGY, LLC., ) <br> ) <br> Defendant. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant Terra Firma Information Technology, LLC's (Terra Firma) Motion to Stay the Proceedings and to Compel Arbitration [Doc. 8] and Motion for Preliminary Injunction and Expedited Discovery [Doc. 9].

**PROCEDURAL HISTORY**

On October 22, 2010, the Defendant Terra Firma removed this action from state court based on diversity jurisdiction. [Doc. 1]. In the Notice of Removal, Terra Firma stated that it is "a limited liability corporation [sic] organized and existing pursuant to the laws of South Carolina" having its

1

principle place of business in "Horry County, South Carolina." [Id., at 2].

In the Complaint the Plaintiff alleges that it is a credit union organized under North Carolina law which is "federally insured." [Doc. 1-1, at 3]. The Defendant is alleged to be a South Carolina corporation transacting business in North Carolina. [Id.]. The parties had a business relationship pursuant to which the Defendant was to provide information technology services including software, site and hardware maintenance, data processing and "disaster recovery" services. [Id.]. The parties entered into two separate agreements: a Data Processing Agreement and a Disaster Backup Recovery Service Agreement. [Doc. 1]. In the Complaint, the Plaintiff alleges claims for breach of contract, unfair and deceptive trade practices, breach of warranty, and conversion. [Id., at 2-6].

On October 28, 2010, the Defendant filed its Answer with counterclaims. [Doc. 4]. The Defendant asserted counterclaims for breach of contract, interference with contractual relations, interference with prospective contractual relations, and unfair and deceptive trade practices pursuant to both North Carolina and South Carolina law. [Id., at 8-16]. The Defendant described itself as "a South Carolina Limited Liability Corporation [sic] organized and existing pursuant to laws of South Carolina." [Id., at 2].

2

## DISCUSSION

In the motion to stay and compel arbitration, the Defendant claims that the parties entered into an agreement to submit to binding arbitration in their Disaster Backup Recovery Service Agreement. The Defendant claims, however, that the Plaintiff's breach of contract cause of action relates solely to the Data Processing Agreement, and thus arbitration should not be compelled as to that claim. The remaining claims, it submits, must be submitted to arbitration.

In the motion seeking a preliminary injunction, the Defendant claims that when the Plaintiff terminated its Data Processing Agreement, it somehow obtained confidential information concerning another customer of the Defendant during the process of switching to another data processing service provider. Despite acknowledging that the Plaintiff notified that customer, the Defendant claims that an injunction is necessary to prevent irreparable harm. Defense counsel has not cited a single case in support of its position that it has been irreparably harmed.[1]

Rule 7.1(B) of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina requires that any

---

[1] Counsel cited cases in support of the standard to be applied to motions for preliminary injunction. The cases cited in support of the preliminary injunction analysis have been abrogated. Moreover, counsel failed to cite any cases specific to the facts of this case.

motion "other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved." Neither of the motions filed by the Defendant contain a certification that counsel conferred or attempted to confer on the issues raised in these motions. Indeed, it is quite possible that the issues raised in these motions may be amicably resolved by communication between counsel without court intervention. Because the Defendant has failed to comply with the Local Rule, the motions will be denied.

The Court also notes that Terra Firma is a limited liability company. Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997),*certiorari denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The Defendant has not disclosed in the notice of removal the citizenship of its constituent members

4

and therefore will be required to do so.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant Terra Firma Information Technology, LLC's Motion to Stay the Proceedings and to Compel Arbitration [Doc. 8] is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Defendant Terra Firma Information Technology, LLC's Motion for Preliminary Injunction and Expedited Discovery [Doc. 9] is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before ten business days from entry of this Order, the Defendant Terra Firma Information Technology, LLC shall file response disclosing the names and citizenships of all its constituent members, and for such constituent members that are limited liability companies or partnerships, to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: November 4, 2010

Martin Reidinger
United States District Judge